ARCHIBALD M. OAKLEY, APPELLANT, v. THE TOWN OF MAMARONECK AND THE TOWN OF HARRISON, RESPONDENTS.

*Practice — allegations required in an action against a town for neglect to repair a bridge — when an action lies against two towns jointly liable.*

In an action against a town to recover damages for its neglect to keep a bridge in proper repair, it is not necessary to allege in the complaint that the defendant had money with which to make the necessary repairs.

Where an act of the legislature imposes upon two towns the duty of keeping a bridge in repair, an action for their neglect so to do will lie against the two towns jointly.

APPEAL from a judgment in favor of the defendants at the Westchester circuit, entered upon an order dismissing the complaint upon the ground that it failed " to allege that the highway commissioners of either of the defendant towns had funds, or neglected to take any steps to procure them, or in any fact showing negligence in that regard."

*L. C. & W. P. Platt*, for the appellant.

*Arthur T. Hoffman*, for the town of Mamaroneck, respondent.

*Wilson Brown, Jr.*, for the town of Harrison, respondent.

BARNARD, P. J.:

An averment in the complaint that the defendants had money with which to do the duty imposed on them by law is not necessary to the complaint. It may become necessary on the trial to prove the fact, or that the town had power to get the money according to law, but the allegation of the complaint in this case is sufficient to go to trial upon. The complaint states that the " defendants, and each of them, wholly failed and neglected to repair and keep in repair the said bridge, but, on the contrary, knowingly and negligently left and suffered the same to remain out of repair and in an unsuitable and dangerous condition to drive or pass over." Under this complaint it will be proper to prove any fact which tends to establish negligence, and the evidence of the facts need not be stated in a pleading.

The liability to keep and maintain the bridge is a joint one imposed on the defendants' towns. (Chap. 225, Laws of 1841, as amended by chap. 383, Laws of 1857.) When an accident results from joint negligence all or either of the towns may be sued. The law which permits towns to be sued for negligence, when its commissioner of highways is negligent, is broad enough to support a joint action against two towns when both are negligent.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.